**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | | |
|---|---|---|
| MARY JANE POUNTNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-CV-00029 RHH |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's motion to dismiss Plaintiff's complaint for judicial review under Titles II and XVI of the Social Security Act. (ECF No. 9.) The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 8.) Defendant contends this action must be dismissed because it was untimely filed. For the reasons set forth below, the motion will be denied.

**I.   Background**

On May 2, 2018, Plaintiff protectively filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). (ECF No. 2 ¶ 4.) After Plaintiff was denied benefits by an Administrative Law Judge (ALJ) and the ALJ's decision was adopted by the Appeals Council, Plaintiff filed a civil action against Defendant in the United States District Court of the Western District of Missouri. (ECF No. 9-1 at ¶ 4(a)). On October 7, 2021, the district court remanded the case for further evaluation of the medical opinion evidence. *Id*. On October 5, 2022, the ALJ issued a decision finding that

Plaintiff was not disabled under the Act. (ECF No. 9-1, Exh. 1.) Plaintiff timely filed exceptions to the ALJ's decision, and on March 17, 2023, the Appeals Council denied Plaintiff's request for review, and adopted the ALJ's decision in full. (ECF No. 9-1, Exh. 2.) Plaintiff filed a complaint with this Court on May 24, 2023, which was 68 days after the Appeals Council adopted the ALJ's decision.

Defendant moved to dismiss this action because Plaintiff filed her complaint several days beyond the required time limits. Plaintiff filed a response asking this Court to deny Defendant's motion and allow her complaint despite its untimely filing. Defendant has not filed a reply.

**II.     Discussion**

To commence a civil action against the Commissioner, a plaintiff must file a complaint within 60 days from the date of receipt of the Appeals Council's notice of decision. 42 U.S.C. § 405(g). The 60-day period is not jurisdictional but rather constitutes a statute of limitations. *Phillips v. Saul*, No. 4:19-CV-1898-AGF, 2020 WL 4429552, at *2 (E.D. Mo. July 31, 2020) (citing *Bowen v. City of New York*, 476 U.S. 467, 478 (1986)). The presumptive date of receipt of a mailed notice is five days after the date of the decision. *Id.* (citing 20 C.F.R. §§ 422.210(c) and 498.222).

Here, the presumptive date that Plaintiff received notice of the decision was March 23, 2023. Therefore, the deadline to file a civil action was May 21, 2023. Plaintiff does not dispute that she filed her complaint after the deadline had expired. Plaintiff argues that "a number of unexpected complications arose with postal delays," and Plaintiff moved to a new residence changing the appropriate venue from the Western District of Missouri to the Eastern District of Missouri. Plaintiff argues the relocation required Plaintiff to "complete and sign all new documents, creating significant delays due to the postal time for the paperwork to be mailed,

2

completed, returned and filed." (ECF No. 10 at 1.) Lastly, Plaintiff asserts she filed a request for extension of time with the Appeals Council and is awaiting their decision. *Id.* Plaintiff does not provide additional information or evidence to inform the Court when the request for extension of time was filed. Additionally, Defendant's motion states that as of July 7, 2023, the Commission was not aware of any request for an extension to file a civil action. (ECF No. 9 at 2; ECF No. 9-1 at ¶ 4(b)).

The Supreme Court has held that equitable tolling "can be applied to this statute of limitations, for in construing the statue we must be careful not to ... construe the waiver [of sovereign immunity allowing for judicial review] unduly restrictively." *Bowen,* 476 U.S. at 479 (citations and internal quotation omitted). The Court noted that the 60–day limitation at issue here was "designed to be 'unusually protective' of claimants," *id.* at 480 (quoting *Heckler v. Day,* 467 U.S. 104, 106 (1984)), and specifically acknowledged that "cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.* (quoting *Mathews v. Eldridge,* 424 U.S. 319, 330 (1976)).

"Equitable tolling is premised on the excusable neglect of the filing party." *Shempert v. Harwick Chem.Corp.,* 151 F.3d 793, 797 (8th Cir. 1998) (internal quotation and citations omitted). Here, Plaintiff explains that the postal delays and new paperwork arising from her move from the Western District to the Eastern District account for the three-day delay. While Plaintiff has not provided evidence to contradict Defendant's affidavit regarding whether or when a request for extension of time was submitted, Defendant did not reply to Plaintiff's brief and has not argued the reasons set forth by Plaintiff do not constitute good cause. Additionally, it is well accepted that claims "should, if possible, be resolved on the merits." *Roark v. Astrue,* No. 4:07CV2067 HEA, 2009 WL 3261844, at *1 (E.D.Mo. Oct. 8, 2009) (allowing a social security claim to proceed

3

notwithstanding the untimely filing of the complaint for judicial review); *see also Gerald L. v. Saul*, No. 20-CV-1352 (SRN/TNL), 2021 WL 3055029, at *5 (D. Minn. June 9, 2021), *report and recommendation adopted as modified sub nom. Gerald L. v. Kijakazi*, No. 20CV01352SRNTNL, 2021 WL 3051971 (D. Minn. July 20, 2021) (applying equitable tolling where plaintiff timely moved for an extension to file his complaint); *Phillips v. Saul*, 2020 WL 4429552, at *3 (E.D. Mo. July 31, 2020) (denying Commissioner's motion to dismiss based on equitable tolling); *Miller v. Colvin*, No. 4:16CV685 ACL, 2016 WL 7178748, at *3 (E.D. Mo. Dec. 9, 2016) (granting motion to reconsider grant of motion to dismiss where plaintiff mailed her complaint to the wrong entity within the filing deadline).

While Plaintiff's filing was untimely, she has provided this Court with evidence that circumstances exist to justify equitable tolling.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**. (ECF No. 9.)

**IT IS FURTHER ORDERED** that Defendant shall have thirty (30) days to file the administrative record, after which the parties shall proceed with briefing pursuant to the Case Management Order entered in this case on May 25, 2023.

Dated this 30th day of August, 2023.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE